PEARSON, Judge.
This is an appeal of a final administrative order. See Florida Rule of Appellate Procedure 9.110. The order is from an unerm ployment compensation proceeding. The appellant is an employer whose record is charged “. . . with its proportionate share of benefits paid . . . ” The order appealed is a determination by the Florida Department of Commerce Board of Review and is as follows:
* * * * * *
“That portion of the Referee’s decision holding the employer’s record chargeable with its proportionate share of benefits paid in connection with this claim is affirmed.”
Claimant Petricia L. Kramar was a co-owner of Stadium Mobile Home Park, Incorporated, and was employed as manager of the mobile home park operated by the corporation. The business was sold to the appellant, with the claimant no longer continuing her employment. Thereafter, the claimant sought unemployment compensation. Initially, she was paid compensation because no response was made to her claim. Ultimately, she was held disqualified for benefits under a holding of the Board of Review:
“The claimant was in favor of selling her business. There is no indication that she was forced into the sale. By selling *845 the business, in effect, she sold her job. The claimant voluntarily left her employment without good cause within the meaning of § 443.06(1), F.S.”
The record supports the finding of the appeals referee that:
“Hearing testimony further reveals that the employer did receive the FDC Form UCB-12, but chose to mail it to the predecessor corporation. The successor was or should have been aware that the Law provides when there is a succession of ownership that the successor acquires the experience rating of the predecessor. In addition, the successor, even though the acquisition occurred February 2, 1976, did not notify the Division of the change until May 13, 1976. The Notice to Base Period Employer of Valid Claim filed was mailed to the last known entity and address of employing unit (-325255). It is also noted that the successor has continued to operate under the same trade name as the predecessor. It was through the negligence of the successor that timely response to the FDC Form UCB-12 was not made. Even if the claimant had been separated under disqualifying circumstances the employer’s account would not be eligible for consideration of non-charging of benefits in connection with this claim. However, it is apparent from previously stated facts that the claimant did not voluntarily leave her employment without good cause attributable to the employer; the employer did not discharge the claimant for misconduct connected with work; the claimant did not fail without good cause to accept an offer of suitable work. There remains no basis for the employer’s account to be relieved of charges in connection with this claim.”
The affirmance of that finding by the Board of Review was based upon evidence in the record and no error of law has been shown.
Affirmed.